IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LISA SIDES, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>GLOBAL TRAVEL ALLIANCE,<br>INC.,<br><br>    Defendant. | CV 20-53-BLG-SPW<br><br><br>ORDER ADOPTING<br>FINDINGS AND<br>RECOMENDATIONS |

Before the Court are U.S. Magistrate Judge Cavan's Findings and

Recommendations (Doc. 36) regarding Plaintiff Lisa Sides *et al*'s Motion for Class

Certification (Doc. 12) and Defendant Global Travel Alliance's Motion to Dismiss

(Doc. 14).  Plaintiffs raised six claims in their operative Third Amended

Complaint: negligence, breach of contract, violations of the Montana Consumer

Protection Act (MTCPA), declaratory and injunctive relief, an equitable

constructive trust, and the previously mentioned class action certification.  Global

Travel moved for dismissal of all six claims.  Judge Cavan recommended denying

class certification and granting in part and denying in part Global Travel's motion

to dismiss.  (Doc. 36 at 1-2).  Specifically, Judge Cavan recommended dismissing

the negligence claim and the declaratory and injunctive relief claim, as well as

1

denying class certification. Plaintiffs object solely to dismissal of the negligence claim. (Doc. 40 at 2). Global Travel objected to the magistrate's denial of their motion as to the breach of contract and MTCPA claims. (Doc. 39 at 8). Each party responded to the other's objections. (Doc. 45 and 46). For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full.

## I.     Legal Standards

### A. Standard of Review

Litigants are entitled to *de novo* review of those findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). When neither party objects, this Court reviews a magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). A party makes a proper objection "by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). A district court, when conducting review of a magistrate's recommendations, may consider evidence presented for the first time in a party's objections, but it is not required to. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002).

2

## B. *Fed. R. Civ. P. 12(b)(6) Dismissal*

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ.

P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint.

*Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive a motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570

(2007)).  "A claim has facial plausibility when the pleaded factual content allows

the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678.  The complaint is construed in the

light most favorable to the non-moving party.  *Davis v. HSBC Bank Nevada, N.A.*,

691 F.3d 1152, 1159 (9th Cir. 2012). However, the complaint is insufficient if it

provides only "labels and conclusions" or "a formulaic recitation of the elements

of a cause of action." *Twombly*, 550 U.S. at 555.

If the complaint fails to demonstrate facial plausibility, the reviewing court

"'should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation

of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir 2000) (quoting *Doe

v. United States*, 58 F.3d 484, 497 (9th Cir. 1995).

3

## II.    Discussion

### A. Background

For the purposes of this motion, the Court takes all factual allegations

asserted in the operative complaint as true and draws any resulting inferences in

the plaintiffs' favor.  Global Travel sells educational travel packages to students,

including trips to Washington D.C. and New York City.  Plaintiffs are various

parents and students who booked trips for Spring 2020.  These trips were cancelled

on March 13, 2020, due to safety implications from the COVID-19 pandemic.  In

the cancellation letter, Global Travel detailed their standard cancellation policy,

refund policy, their trip protection plans, and their right to cancel trips for safety

reasons.  In a second communication, Global Travel gave affected participants the

option to reschedule their planned trip or receive a partial refund, with the amount

of the refund depending on how close the original trip date was.

Plaintiffs are parents and school administrators who, on behalf of the

children, demanded full refunds but only received partial refunds.  Global Travel

contends that their voucher and partial refund arrangement conforms to, and even

goes above and beyond, the terms and obligations of the Booking Agreement.

Plaintiffs' core contention is that Global Travel conflated the safety cancellation

policy and the voluntary cancellation policy, resulting in underpayment of refunds.

The Booking Agreement, attached to the Third Amended Complaint, reads:

4

7. The Company shall have the right, at any time in its discretion and without liability or cost, to cancel any trip or portion of a trip, or make an alteration in itinerary, or accommodation, in the event of any trip being rendered unsafe.

(Doc. 11-1 at 2).  The Standard Cancellation Policy, in the same Booking

Agreement, reads:

- Deposits, Trip Protection Plan, late fees and 3% convenience fee are non-refundable at any time.
- 90-61 days prior to departure, Global Travel Alliance retains 30% of the trip cost per person (includes deposit)
- 60-31 days prior to departure, Global Travel Alliance retains 50% of the trip cost per person (includes deposit)
- 30 days or fewer prior to departure, Global Travel Alliance retains 100% of the trip cost per person (includes deposit)
  - o No refund will be issued should you cancel 30 days or less [sic] prior to departure.
  - o All cancellations must be in writing to our office by the dates listed in your agreement.
  - o We strongly recommend that you consider purchasing our **Trip Protection Program (TPP)**. Contact Global Travel Alliance for more information.
  
  …
- All cancellations must be made in writing by mail, fax or email to cancel@globaltravelalliance.com and should include a reason for canceling.

(Emphases and punctuation original) (Doc. 11-1 at 5-6).

   *B. Discussion*

1. Class Certification

As previously mentioned, Plaintiffs brought a Motion for Class Certification.

Their proposed class contained all persons who purchased Global Travel packages

under the 2019-2020 Booking Agreement for travel after Jan. 31, 2020, whose trips

5

were cancelled or postponed due to the COVID-19 pandemic but did not receive full refunds.  (Doc. 11).  Class action certification is governed by Federal Rule of Civil Procedure 23, requiring sufficient numerosity, commonality, and typicality of named plaintiffs, among other requirements.  Judge Cavan determined that as a threshold matter, Plaintiffs failed to demonstrate through evidentiary proof that *any* of the Rule 23 factors are satisfied.  Plaintiffs did not object to this finding.  (Doc. 40 at 2).  The Court finds that Judge Cavan did not commit clear error in this determination and therefore adopts his finding that the Motion for Class Certification should be denied.

   2.  Rule 12(b)(6) Motion to Dismiss

   Defendant seeks to dismiss the five remaining claims: negligence, breach of contract, violation of the MTCPA, declaratory and injunctive relief, and imposition of an equitable constructive trust.  Judge Cavan recommended granting dismissal of the negligence and declaratory relief claims, with leave to amend the latter. (Doc. 36 at 31).  Judge Cavan determined that Plaintiffs plausibly stated claims for breach of contract, violations of the MTCPA, and therefore the contingent equitable trust claim as well.  Plaintiffs object to the magistrate's recommendation of dismissal of the negligence claim and Defendant objects to the recommended denial of their motion as to counts II, III, and V.  Defendants also object to Judge

6

Cavan's recommendation that Plaintiffs be allowed leave to amend their

declaratory relief claim. The Court will address the objections in order.

    *a. Negligence*

    Judge Cavan determined that, because Global Travel would have no duty to

Plaintiffs in the absence of the Booking Agreement, Plaintiffs had not plausibly

alleged a negligence claim. (Doc 32 at 20). He determined that Plaintiffs' claim

was solely based on the alleged breach of the terms of the contract and therefore

the Plaintiffs' remedy is for breach of contract. Plaintiffs object and assert that

Judge Cavan failed to consider that Montana law allows for concurrent negligence

and breach of contract claims where the facts support a heightened duty of care as

well as a contractual relationship. (Doc. 40 at 8). In support, they cite to several

cases where the Montana Supreme Court allowed concurrent negligence claims

based on a special relationship. In *Morrow v. Bank of America*, the Montana

Supreme Court allowed a negligence claim where a lender advised a client beyond

the ordinary role of lender, such that it created a fiduciary relationship; a

relationship that provided support for a negligence claim. 324 P.3d 1167, 1177-78

(Mont. 2014). In *Billings Clinic v. Peat Marwick Main & Co.*, the Montana

Supreme Court allowed a concurrent negligence claim based on asserted breaches

of duty relating to accounting, reasoning that a heightened relationship exists

between professional accountants and their clients because of the professional duty

stewards of money and assets owe to their clients. 797 P.2d 899, 909 (Mont. 1990).

Plaintiffs' attempt to shoehorn in a heightened duty of care based on Global Travel's custody of funds prior to the trip and offering an "anticipated life changing experience" from a school trip falls short. Aside from their bare assertion that a travel company is entrusted with money "like an insurance agent or banker," Plaintiffs offer no further analogy between the respective duties. Unlike accountants or investors, travel agents are not entrusted with money for their prudent advisement; they are paid money to perform a service. Plaintiffs offer no analysis to convince the Court to bridge this gap. Plaintiffs' argument is insufficient to survive dismissal of the claim and the Court agrees with Judge Cavan's determination that Global Travel's motion should be granted as to the negligence claim.

b. *Breach of Contract*

Judge Cavan determined that Plaintiffs plausibly alleged a breach of contract claim. Specifically, he stated "Plaintiffs' allegation that Global Travel conflated the two cancellation provisions to justify retention of all or part of Plaintiffs' payments plausibly states a claim for breach of contract." (Doc. 36 at 23-24). Judge Cavan reviewed the provisions of the Booking Agreement (quoted in section II.A, *supra*), and concluded that, at this stage, the provision's silence about what

8

refunds or payments are owed if Global Travel exercises its cancellation rights

creates a plausible breach of contract claim.

Global Travel objects to this finding. (Doc. 39 at 7-8). It asserts that,

because the Booking Agreement gives Global Travel the authority to cancel or

modify a trip "without liability or cost," Plaintiffs' claim for breach of contract is

defeated. It further asserts that "[w]here a traveler's enrollment is cancelled,

traveler refunds are governed by the Standard Cancellation Policy" and that there

is no ambiguity between these provisions. Then, apparently arguing in the

alternative, Global Travel asserts that it did not cancel any trips and instead

rescheduled them; in Global Travel's view, it was the parents who cancelled when

they invoked their refund rights.

The Court disagrees with Global Travel's view. The Standard Cancellation

Policy contemplates cancellation by the traveler—the subclauses reference the

traveler ("you") cancelling (that is, not Global Travel cancelling) and states that

"[a]ll cancellations must be made in writing by mail, fax or email to

cancel@globaltravelalliance.com and should include a reason for canceling." It is

unclear on the face of the complaint and the Booking Agreement how a traveler

would cancel by mail if in fact Global Travel cancels the trip for safety reasons.

As to Global Travel's argument that it merely postponed trips and the parents are

the ones who chose to cancel, at this stage that question goes to the merits. The

Court agrees with Judge Cavan's finding that Plaintiffs' claim for breach of contract survives the motion to dismiss.

### c. *Remaining Claims*

Global Travel further objects to Judge Cavan's recommendation that the Plaintiffs' claim under the MTCPA and claim for an equitable constructive trust be allowed to proceed. Their objections are based on and flow from their position that the breach of contract claim is implausible. However, as stated above, the Court finds that Plaintiffs have adequately pled their breach of contract claim. Accordingly, if Global Travel wrongfully withheld traveler funds, Plaintiffs may also be entitled to relief under the MTCPA or entitled to the imposition of an equitable constructive trust.

The Court would also like to note that, as to these objections, Global Travel apparently misunderstands the form or nature of the objection process. A proper objection identifies the parts of the magistrate's disposition that the party finds objectionable and presents legal argument and supporting authority such that the district court is able to identify the issues and the reasons supporting a contrary result. *Lance v. Salmonson*, 2018 WL 4335526 at *1 (D. Mont. Sept. 11, 2018). Large portions of pages 13 to 22 of Global Travel's objection merely restate argument, in some cases word-for-word, from the underlying briefing. *Cf.* Doc. 39 at 18 to Doc. 15 at 24-25. Literally restating argument presented to the magistrate

is improper and unacceptable. Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Lance*, 2018 WL 4335526 at \*1. There is no benefit to the judiciary "if the district court is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n v. Holder*, 2010 U.S. Dist. LEXIS 110891, 2010 WL 4102940, at \*2 (internal quotation marks and citation omitted). In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.* The Court expects that future objections will conform to these standards.

Finally, Global Travel objects to Judge Cavan allowing Plaintiffs leave to amend their declaratory and injunctive relief claims. The Ninth Circuit has "adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim." *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012). Global Travel urges that any amendment would be futile. However, given the broad standard mandated by the circuit, the Court agrees with Judge Cavan that Plaintiffs should be allowed to amend their declaratory and injunctive relief claim.

### III.   Conclusion

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 36) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that:

1. Plaintiff's Motion to Certify Class (Doc. 12) is DENIED; and

2. Global Travel's Motion to Dismiss (Doc. 14) is GRANTED as to Count I, GRANTED with leave to amend as to Count IV, and DENIED in all other respects.


DATED this _9th_ day of November 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge

12